UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DAVID PETERSEN, ET AL                                CIVIL ACTION

VERSUS
                                                     NO. 11-156-JJB
ARROW PLASTIC MANUFACTURING
CO., ET AL.

## RULING ON EX PARTE MOTION FOR CLARIFICATION

This matter is before the Court on an ex parte motion for clarification (doc. 41) of the Court's recent ruling denying summary judgment (doc. 40). Defendant Arrow seeks clarification as to whether the doctrine of res ipsa loquitur is available to all four of the claims under the Louisiana Products Liability Act ("LPLA") or, if not, to which claims it is available. The parties are aware that, in order to be considered unreasonably dangerous, a product must be so because of (1) a defect in construction or composition; (2) a defect in its design; (3) inadequate warnings; or (4) it does not conform to an express warranty. La. R.S. 9:2800.54(B). In this case, Plaintiff has presented no evidence of (1), (3), or (4) from that list. Therefore, the Court should have noted that summary judgment on those three claims is GRANTED while it is DENIED as to the design defect claim.

The parties are advised that in its previous rulings the Court at no time has ruled that the doctrine of res ipsa loquitur *will* be available to the Plaintiff to allow the jury to infer negligence on the part of the Defendant. Rather, the Court has twice ruled that the determination of its applicability will be made at trial. More

specifically, the determination will be made when Plaintiff requests a jury instruction on res ipsa. Whether the Court agrees to give the instruction will depend on the evidence Plaintiff puts on at trial, and whether the three-part *Cangelosi* test is met.[1]

Res ipsa loquitur is an evidentiary doctrine that gives rise to a permissible inference of liability, but does not mandate that liability be found." *Williams v. Emerson Electric Co.,* 909 F.Supp 395, 398 (M.D. La. 1995) (internal citations omitted). The doctrine does not create a cause of action. *Id*. Rather, it applies in situations where direct evidence is lacking. For the doctrine to apply, the plaintiff's circumstantial evidence "must exclude other reasonable hypotheses with a fair amount of certainty. However, it is not necessary to negate all possible causes." *Id*. (citations omitted). The doctrine has a narrow application. Plaintiff will have to prove at trial all of the elements of a products liability case under the LPLA design defect claim. Res Ipsa loquitur will simply allow the jury to infer causation—only one of the elements--if it chooses to.

As for the matters of Plaintiff's expert and Defendant's request for sanctions, those matters are not properly before the Court in this motion.

For these reasons, the Court's prior ruling (doc. 40) is clarified to provide that summary judgment on claims brought under La. R.S. 9:2800.54(B)(1), (3),

---

[1] The res ipsa jury instruction is found at 18 La. Civ. L. Treatise, § 3.18.

and (4) is GRANTED.  Summary Judgment on Plaintiff's claim under section (2) of the statute, however, is DENIED.

Signed in Baton Rouge, Louisiana, on March 1, 2012.

‎‎‎‎‎‎_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**